This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JIMMY E. PACHECO and**
**SYLVIA M. PACHECO,**

Plaintiffs-Appellees,

v.                                                          **NO. 30,916**

**FRANK A. DE BARI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Sommer Karnes & Associates, LLP
Karl H. Sommer
Santa Fe, NM

for Appellees

Frank De Bari
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant is appealing from a district court order dismissing his counterclaim

with prejudice for failure to prosecute. We issued a calendar notice proposing to affirm. Defendant has filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to allege that the district court erred in dismissing his counterclaim with prejudice for failure to prosecute. *See* Rule 1-041(E)(2) NMRA (permitting dismissal with prejudice where party has not taken "significant action" in the previous 180 days). In considering a motion to dismiss under Rule 1-041(E), the district court "should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff . . . and, if not, whether he has been excusably prevented from taking such action." *State ex rel. Reynolds v. Molybdenum Corp. of Am.*, 83 N.M. 690, 697, 496 P.2d 1086, 1093 (1972). A motion to dismiss under Rule 41(E) is directed at the discretion of the district court and its ruling will not be overturned but for an abuse of discretion. *Id.* "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153.

As noted in Plaintiffs' motion to dismiss [RP 186], their claims against Defendant were basically resolved by 2004, and Defendant took no action on the counterclaim until March 2010, when he sought reinstatement of the claim after the

2

district court sua sponte dismissed it. Although the district court reinstated the claim in March 2010 [RP 177], we construe Plaintiffs' motion to dismiss to essentially be a motion to reconsider the decision to reinstate the counterclaim. The district court was informed that Plaintiff Jimmy E. Pacheco died in April 2010, and he was the only one who had been involved with Defendant in the events that were the subject of the counterclaim. [RP 188] In its dismissal order, the district court noted that Defendant's response to the motion to dismiss was untimely. [RP 210] The court also noted that it was relying on the delay that occurred both before and after the reinstatement, as well as the unfairness that resulted to Plaintiffs from the death of Jimmy E. Pacheco. [RP 211] Given these facts, our calendar notice proposed to hold that the district court acted within its discretion in dismissing the counterclaim, which had been filed nearly nine years earlier. [RP 36, 40]

In his memorandum in opposition, Defendant claims that he was treated unfairly by the district court. [MIO 1-2] To the extent that this argument is in reference to the fact that some of the delay may have been for medical or other legitimate reasons, we defer to the district court's factual determinations as a basis for its reconsideration of its earlier ruling to reinstate. These findings include a determination that Defendant was responsible for the delay, that - contrary to Defendant's assertion [MIO 1-2] - he had an opportunity to have his arguments heard,

3

and that Mr. Pacheco's death created "an extreme and disabling prejudice upon Plaintiffs." [RP 211] We also note that the district court was free to reject Defendant's assertion that he thought Plaintiffs had the burden to move the case forward, particularly in light of the fact that all of Plaintiffs' claims have long since been resolved. [RP 186] In light of our standard of review, we cannot say the district court abused its discretion in dismissing Defendant's counterclaim.

For the reasons set forth above and in our notice, we affirm.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**CELIA FOY CASTILLO, Chief Judge**


_____

**MICHAEL D. BUSTAMANTE, Judge**